CRYSTAL *v.* STATE.*

(Division B. May 16, 1927.)

[112 So. 687. No. 26466.]

HIGHWAYS. *Automobile held required to turn to right of center of highway on meeting automobile; "other vehicles"* (*Hemingway's Code, sections* 5776, 5778, 5781).

Laws 1916, chapter 116, section 8 (Hemingway's Code, section 5781), providing that operator of automobile when meeting on a highway another riding or driving a horse or horses, or other draft animals, "or other vehicles," shall reasonably turn to the right of the center of the highway, when viewed with sections 3, 5 of the act (sections 5776, 5778, Hemingway's Code), as to passing or approaching a pedestrian or an animal being led or driven, *held* to require keeping to right of center when meeting an automobile.

*Corpus Juris-Cyc References: Motor Vehicles, 28Cyc, p. 34, n. 93. On rules of the road governing vehicles proceeding in opposite direction, see annotation in 41 L. R. A. (N. S.) 323; 13 R. C. L. 274; 3 R. C. L. Supp. 36; 5' R. C. L. Supp. 690.

APPEAL from circuit court of Wilkinson county.
HON. R. L. CORBAN, Judge.

Ed Crystal was convicted of reckless driving of automobile, and he appeals. Affirmed.

*D. C. Bramlette,* for appellant.

*Rufus Creekmore,* Assistant 'Attorney-General for the State.

*Reporter's Note: All briefs missing from the record.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted and convicted, in the circuit court of Wilkinson county, of the crime of reckless driving of an automobile, in violation of chapter 116, Laws of 1916 (sections 5774 to 5789, inclusive, Hemingway's Code), and was fined fifty dollars and costs of the prosecution. From that judgment, the appellant prosecutes this appeal.

Appellant was charged with a violation of section 8 of the statute (section 5781, Hemingway's Code). The indictment charged, in substance, that, while operating a motor vehicle on a public highway in Wilkinson county, the appellant met on such highway one Frank Smith, who was also driving a motor vehicle, and that the appellant willfully, unlawfully, recklessly, and negligently failed and refused to turn the motor vehicle which he was driving to the right of said highway sufficiently to allow the motor vehicle being driven by Smith to pass without interference. The evidence was sufficient to sustain the charge.

Appellant contends that he was entitled to a directed verdict of not guilty, because the statue has no application to a collision between two motor vehicles; that the statute only applies to the meeting and passing by motor vehicles on a public highway of horse drawn vehicles or vehicles drawn by other draft animals. The pertinent part of this statute is in this language:

"Wherever a person operating a motor vehicle, or causing the same to be operated, shall meet on a public highway any other person riding or driving a horse or horses, or other draft animals, or any other vehicles, the person so operating such motor vehicle, or causing the same to be operated, shall reasonably turn or cause the same to be turned to the right of the center of such highway."

The question turns upon the meaning of the words "or any other vehicles." Appellant argues that the language refers only to vehicles other than motor vehicles. Certainly, the words "or any other vehicles" are broad enough to cover motor vehicles, and we are unable to see any reason, looking at the language and purpose of the statute, for narrowing it to any particular class of vehicles. A consideration of the entire statute shows that the legislature intended to make rules of the road for the passing of all character of vehicles. Section 3 of the act (section 5776, Hemingway's Code) provides how a motor vehicle shall pass a person driving a horse or horses or other domestic animal, or foot passengers traveling the public highway. Section 5 of the act (section 5778, Hemingway's Code) provides what shall be done by the drivers of motor vehicles approaching a person walking on the highway, or a horse or other animal being ridden, led, or driven thereon. In neither of these sections are the words "other vehicles" used. The purpose of the legislature was that those sections should not apply to any other motor vehicles than those named. Coming to section 8, the words "other vehicles" were inserted. The intention of the legislature was that that section should apply not only to motor vehicles meeting animal drawn vehicles, but to motor vehicles meeting each other.

We do not think there is any merit in appellant's contention.

*Affirmed.*